DAVID M. MACFARLAN, ESQUIRE
ATTORNEY I.D. NO. 23431
1255 Easton Road
Warrington, PENNSYLVANIA 18976
(215) 343-3700                                    COUNSEL FOR PLAINTIFFS
davidm@macfarlanlaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JARROD BANCROFT, on behalf of
Himself and those similarly situated:
84 Deer Run Road
Perkasie, Pennsylvania 18944-2377      :

    vs.                                :      Collective Action for
                                              Unpaid Overtime under
                                              FLSA; Case No.
                                       :
SEQUOIA SUPPLY, INC.                          14    0240
1700 Cowpath Road
Hatfield, Pennsylvania 19440           :      JURY TRIAL DEMANDED

                                       :

## COMPLAINT

The named Plaintiff, Jarrod Bancroft, on behalf of himself and those similarly situated (herein after referred to as Plaintiffs), by and through his attorney, David M. Macfarlan, Esquire, hereby complained as follows against the Defendant.

### INTRODUCTION

1. Jarrod Bancroft has initiated the instant action to redress violation by Defendant of the Fair Labor Standards Act ("FLSA"). The named Plaintiff asserts that the Defendant failed

to pay Jarrod Bancroft and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDTION ANDD VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has personal jurisdiction over the Defendant as Defendant's contact with this State and this Judicial District are sufficient for the exercise of jurisdiction over Defendant to comply with judicial notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the claims herein arise under the laws of the United States, specifically the FLSA, 29 U.S.C. §201 *et seq*.

5. Venue is properly laid in this Judicial District pursuant to 28 U.S.C. §1391(b)(1)(b)(2), because Defendant resides in and or conducts business in this Judicial District and because a substantial part of the act and or omissions giving rise to the claims such forth herein occurred in this Judicial District.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth herein at length.

7. Plaintiff Jarrod Bancroft is an adult individual residing at 84 Deer Run Road, Perkasie, Pennsylvania 18944-2377.

8. Defendant Sequoia Supply, Inc. is a Pennsylvania Business Corporation with a registered office located at 1700 Cowpath Road, Hatfield, Pennsylvania 19440.

9. At all times relevant herein, the Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Named Plaintiff brings this action for violation of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons presently and formerly employed by Defendant in non exempt positions subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the Three Years (3) preceding the date the instant action was initiated (members of this putative class are referred to as "Plaintiffs").

11. The Defendant is engaged in interstate commerce as required under §207 of the FLSA.

12. The named Plaintiff and Plaintiffs are similarly situated, at substantially similar non-managerial job duties, have substantially similar pay provisions and are all subject to Defendant's unlawful policies and practices as described herein.

13. There are numerous similarly situated current and former employees of Defendant who were improperly uncompensated for overtime work in violation of the FLSA, and who would benefit from the issuance of a Court Supervised Notice of the instant law suit and the opportunity to join the present law suit.

14. Similarly situated employees are known to Defendant, are readily identifiable by Defendant and can be located through Defendant's records.

15. Therefore, named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated pursuant to the "opt-in" provisions of the FLSA 29 U.S.C. §216(b).

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein as if set forth herein at length.

17. Named Plaintiff and Plaintiffs are current and/or former hourly and/or salaried non-exempt employees of Defendant, including inside salespersons (plaintiff was an inside sales

person), who within the last Three Years (3) have been or are presently employed by Defendant.

18. At all times relevant herein, name Plaintiff and Plaintiffs, routinely work in excess of Forty Hours (40) per week.

19. Although named Plaintiff and Plaintiffs often work overtime hours they were only ever compensated with their "regular rate of pay" as defined by §207 of the FLSA.

20. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last Three Years (3), in which they failed and continue to fail to compensate named Plaintiff and Plaintiffs for overtime work.

## COUNT I

FAIR LABOR STANDARD ACT ("FLSA")
(FAILURE TO PAY OVERTIME COMPENSATION)
(NAMED PLAINTIFF AND PLAINTIFFS V. DEFENDANT)

21. The foregoing paragraphs are incorporated herein as if set forth at length.

22. At all relevant times herein, the Defendant has and continues to be and employer within the meaning of the FLSA.

23. At all times relevant herein, Defendant was and is responsible for paying wages to named Plaintiff and Plaintiffs.

24. At all relevant times herein, named Plaintiff and Plaintiffs were and are employed by Defendant as "employees"

within the meaning of the FLSA such that Plaintiffs should be included in the collective action.

26. Pursuant to §207(a)(1) of the FLSA, an employer must pay an employee at least One (1) and One Half (1/2) times his or her regular rate of pay for each hour work in excess of Forty Hours (40) per week.

26. Plaintiffs, although regularly working in excess of Forty Hours (40) per week, only ever received their regular rate of pay for overtime work.

27. The Defendant's conduct in failing to pay named Plaintiff and Plaintiffs properly was and is willful and was and is not based on any reasonable interpretation of the law.

28. As a result of the Defendant's misconduct named Plaintiff and Plaintiffs have suffered damages as set forth herein.

WHEREFORE, named Plaintiff and Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited to be permitted to maintain its illegal policy, practice or customs in violation of Federal Wage and Hour Laws;

(2) Defendant is to compensate, reimburse and make named Plaintiff and Plaintiffs whole for any and all pay in benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case, pursuant to 29 U.S.C. §216(b);

(4) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

B (5) Named Plaintiff and Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully submitted,

David M. Macfarlan
1255 Easton Road
Warrington, Pennsylvania 18976
(215) 343-3700
davidm@macfarlanlaw.com

## VERIFICATION

I, Jarrod Bancroft, hereby verify that the facts contained in the foregoing pleading are true and correct. I understand that false statements contained herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

*Jarrod Bancroft*

To the within named Defendant - ~~Plaintiff~~
You are hereby notified.
(a) to plead to the within matter within 20 days from service hereof.
(b) that the within matter is a true and correct copy of the original on file
(c) that a jury trial by twelve members is demanded
(d) that judgment may be entered against you if you do not plead within 20 days.

DAVID M. MACFARLAN, ESQUIRE